PER CURIAM.
We have for review Rhodes v. State, 597 So.2d 974 (Fla. 4th DCA 1992), in which the Fourth District Court of Appeal reversed the respondent’s conviction for purchasing crack cocaine within 1000 feet of a school because the district court found that law enforcement officials’ illegal manufacturing of a controlled substance violated the due process clause of *471 the Florida Constitution.[1] The district court cited its decision in Kelly v. State, 593 So.2d 1060 (Fla. 4th DCA), review denied, 599 So.2d 1280 (Fla.1992), as the basis of the reversal. The district court certified the issue raised by Kelly to this Court in Williams v. State, 593 So.2d 1064 (Fla. 4th DCA1992), a case which we subsequently accepted for review. Thus, we accept jurisdiction of the instant ease. Art. V, § 3(b)(3), Fla. Const.; Jollie v. State, 405 So.2d 418 (Fla.1981).
In Williams, the Fourth District Court of Appeal certified the following question as one of great public importance:
DOES THE SOURCE OF ILLEGAL DRUGS USED BY LAW ENFORCEMENT PERSONNEL TO CONDUCT REVERSE STINGS CONSTITUTIONALLY SHIELD THOSE WHO BECOME ILLICITLY INVOLVED WITH SUCH DRUGS FROM CRIMINAL LÍABILITY?
593 So.2d at 1064. We subsequently addressed this issue in State v. Williams, 623 So.2d 462 (Fla.1993), where we held
that the illegal manufacture of crack cocaine by law enforcement officials for use in a reverse-sting operation within 1000 feet of a school constitutes governmental misconduct which violates the due process clause of the Florida Constitution.
623 So.2d at 463. Accordingly, we approve the decision of the district court below.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
MeDONALD, J., dissents.

. Art. I, § 9, Fla. Const.